IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA, NEBRASKA

| | | |
|---|---|---|
| TIMOTHY GALVAN, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT AND REQUEST** |
| UNION PACIFIC RAILROAD COMPANY, a | ) | **FOR JURY TRIAL** |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Timothy Galvan, by and through his attorney, James L. Cox, Jr.,

of Rossi, Cox, Vucinovich, Bremseth & Flaskamp PC, and by way of claims against Defendant,

states as follows:

## GENERAL ALLEGATIONS

### I.

At all times relevant hereto, Plaintiff was, and is, a resident of Grand Island, Hall County,

Nebraska.

### II.

At all times herein mentioned, Defendant was and is now a duly-organized and existing

corporation doing business in the State of Nebraska and other states.

### III.

At all times herein mentioned, Plaintiff was employed by Defendant in the States of

Nebraska, Iowa, and other states, in the performance of his duties in Defendant's maintenance of

way department.  Part of Plaintiff's duties as an employee were in the furtherance of or directly

or closely and substantially affected interstate commerce.

IV.

At all times herein mentioned, Defendant was and now is engaged in the business of a common carrier by railroad in interstate commerce in the State of Nebraska and other states.

V.

Plaintiff brings this action against Defendant under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C., §§ 51 to 60, *et. seq.*; regulations promulgated under the authority of those sections; and other federal safety laws which have been incorporated therein by decisions, under the terms of which this Court has jurisdiction.

VI.

Pursuant to the provisions of 45 U.S.C. § 56, all actions commenced under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C., §§ 51, *et. seq.* shall be commenced within three (3) years from the date the cause of action accrues.  Pursuant to agreement between Plaintiff and Defendant, Defendant shall not assert a defense to the present action based upon the provisions of 45 U.S.C. § 56 if the action is commenced by August 12, 2008.

VII.

On July 12, 2005, at approximately 12:00 p.m., Plaintiff was employed by Defendant Union Pacific Railroad Company, a Delaware corporation, and was working as a welding foreman at or near Clarion, Iowa.

VIII.

At said time and place, Plaintiff was operating a motor car on the rail and had to operate the motor car backwards on the track for a distance of several miles to put up a red flag on the

track in order to provide protection for other employees who were working on that section of track.

IX.

At said time and place, in order to operate the motor car to the location where he was to place the red flag, Plaintiff was forced to twist and look behind him so that he could see down the track in the direction he was operating the motor car, while at the same time having to keep one foot on the clutch and the other foot on the brake.

X.

Upon returning to his original location to begin marking ties after returning on the motor car from placing the red flag on the track, Plaintiff began to feel pain in his back.

XI.

At said time and place, as a result of the negligence of the Defendant, Union Pacific Railroad Company, Plaintiff was caused to sustain the injuries hereinafter enumerated after being required to operate the motor car in this manner, over this distance.

XII.

At said time and place, Defendant had the non-delegable duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a)    the duty to provide Plaintiff with a reasonably safe place to work;

    (b)    the duty to adopt, install, implement and enforce safe methods and procedures for the performance of work to which its employees, including Plaintiff, were assigned;

    (c)    the duty to provide Plaintiff with reasonably safe and suitable equipment with which to perform the work to which he was assigned;

3

(d)      the duty to provide Plaintiff with reasonably adequate training regarding the performance of tasks to which he was assigned; and

(e)      the duty to provide adequate time and personnel for the performance of duties to which its maintenance of way personnel, including Plaintiff, are assigned.

## XIII.

At said time and place, acting through its agents, servants and employees other than Plaintiff, Defendant negligently and carelessly failed to perform the above-said duties, as the result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

## XIV.

By reason of the facts hereinabove set forth and as a result thereof, Plaintiff received the following injuries, including, but not limited to, injuries to his back, low back, sacrum and hip, causing pain, numbness and discomfort in Plaintiff's back, hips and leg.

## XV.

Plaintiff's injuries hereinabove enumerated have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating.

## XVI.

Plaintiff's injuries hereinabove enumerated have caused the Plaintiff loss of full enjoyment of life.

## XVII.

By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, hospitalization and other services and aid in a sum as yet unascertainable, but Plaintiff is informed and believes, and therefore alleges, that he will require

further medical attention and rehabilitation as a result of said injuries, and will, therefore, incur a further indebtedness in an amount as yet unascertainable.

## XVIII.

By reason of the facts hereinabove stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages, and will in the future sustain loss of wages, and loss of fringe benefits, all to his damage in an amount as yet unascertainable.

## XIX.

By reason of the facts hereinabove stated and the injuries caused Plaintiff thereby, Plaintiff was deprived of his earning power (impairment of earning capacity) to his damage in an amount as yet undetermined.

## XX.

By reason of the facts hereinabove set forth and as a direct result thereof, Plaintiff has suffered mental and physical pain and suffering, mental anguish, and impairment of self-esteem.

## XXI.

By reason of the facts hereinabove set forth and as a direct result thereof as aforesaid, Plaintiff has been generally damaged in an amount sufficient to invoke the jurisdiction of this Court.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED

HEREIN.

Signed at Denver, Colorado this 11th day of August, 2008.

s/JAMES L. COX, JR.
James L. Cox, Jr., #20223
Attorney for Plaintiff
Rossi, Cox, Vucinovich, Bremseth & Flaskamp PC
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
Telephone: (303) 759-3500
Fax: (303) 759-3180
jcox@rcvpc.com

Plaintiff's Address:
571 E. Capital Ave.
Grand Island, NE  68801